UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARTIN J. WALSH Secretary of Labor, <br> United States Department of Labor, <br>                     Plaintiff, <br>                     v. <br> HEAL AT HOME, LLC, <br> TPS CAREGIVING, LLC <br>    d/b/a COMFORT KEEPERS, <br> TIMOTHY PAUL, <br>                     Defendants. | No. 1:21-cv-02160-SEB-TAB |

**ORDER APPROVING CONSENT JUDGMENT**

The parties have filed a Joint Motion Requesting Approval of Consent Judgment as well as a proposed Consent Judgment to resolve this case. Dkt. 19; Dkt. 20. For the factors considered and discussed below, the Joint Motion Requesting Approval of Consent Judgment [Dkt. 19] is GRANTED and the proposed Consent Judgment [Dkt. 20] is APPROVED and ENTERED.

**I.  Background**

On August 2, 2021, the United States as Plaintiff filed a complaint alleging that Heal at Home, LLC, TPS Caregiving, LLC d/b/a Comfort Keepers, and Timothy Paul ("Defendants") had violated provisions of sections 7 and 15 of the Fair Labor Standards Act ("FLSA"). Dkt. 1 at 1. The complaint avers that Defendants, as joint employers under the FLSA, failed to combine the hours worked by their employees at both companies and

1

did not pay them overtime compensation at one and one-half times the employees' regular rate beginning in April 30, 2019 and extending to April 11, 2020. *Id.* at 2–4; Dkt. 20 at 2. Plaintiff's complaint seeks to enjoin Defendants from future violations of the FLSA and recover unpaid overtime compensation owed to Defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the FLSA. Dkt. 1 at 1.

On December 3, 2021, the parties filed a proposed Consent Judgment, in which Defendants consented to a permanent injunction providing:

> Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any nonexempt employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which they are employed. Defendants shall not, contrary to the Act, fail to combine hours worked by employees at both companies, **HEAL AT HOME, LLC** and **TPS CAREGIVING, LLC d/b/a COMFORT KEEPERS** during a workweek for purposes of calculating overtime premiums.

Dkt. 20 at 2 (emphasis in original).

Defendants have also agreed to pay Plaintiff a total of $432,798.54, which amount represents the sum of the overtime compensation owed to Defendants' employees of $215,859.62 plus an additional $216,938.92 as liquidated damages and post-judgment interest, pursuant to section 16(c) of the FLSA. *Id.* The proposed Consent Judgment details the manner in which these payments shall be paid, including that Defendants' payment to Plaintiff must be made on or before

March 1, 2022. *Id.* at 3–4. Plaintiff shall distribute the amount of the payment to the affected employees within three (3) years from the date of receipt. *Id.* at 4.

The agreement also provides that:

> Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any current or former employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Consent Judgment.

*Id.* at 4–5.

Pursuant to the proposed Consent Judgment, each party shall bear its own fees and expenses incurred in connection with this proceeding and that this Court "shall retain jurisdiction of this matter to enforce the terms . . . pursuant to Federal Rule of Civil Procedure 54." *Id.* at 5.

## II.   Analysis

A consent decree is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002) (citation omitted). A "consent decree proposed by the parties must (1) 'spring from and serve to resolve a dispute within the court's subject matter jurisdiction'; (2) 'com[e] within the general scope of the case made by the pleadings'; and (3) 'further the objectives of the law upon which the complaint was based.'" *Komyatti v. Bayh*, 96

F.3d 955, 960 (7th Cir. 1996) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)).

We hold that the proposed Consent Judgment satisfies each of those standards. First, the United States' FLSA complaint falls within the Court's subject-matter jurisdiction. *See* 29 U.S.C. § 217 (federal question jurisdiction). Second, the Consent Judgment's remedies—prohibiting future FLSA violations, providing unpaid overtime compensation to Defendants' employees, and assessing liquidated damages and post-judgment interest—come within the general scope of the case. *See* dkt. 1 at 1–5. Third, the Consent Judgment will further the FLSA's objectives by facilitating Defendants' compliance with its provisions through specific required practices.

Even when those factors are satisfied, however, the proposed Consent Judgment must also be "lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). "Among the factors that a district court should consider when it makes this 'fairness' determination are: a comparison of the strengths of plaintiffs' case versus the amount of the settlement offer; the likely complexity, length, and expense of the litigation; the amount of opposition to the settlement among affected parties; the opinion of competent counsel; and, the stage of the proceedings and the amount of discovery already undertaken at the time of the settlement." *Id.* at 889 (citing *Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982)). "The district court may not deny approval of a consent decree unless it is unfair, unreasonable, or inadequate." *Id.*

For the reasons set forth in the United States' unopposed memorandum, [Dkt. 22], we conclude that the Consent Judgment is lawful, fair, reasonable, and adequate. It calls

for appropriate forms of relief under the FLSA, including specific actions to facilitate FLSA compliance, compensation for unpaid overtime wages due to 171 employees, and liquidated damages plus interest. *Id.* at 7. Both parties have been represented by counsel throughout the proceedings and have engaged in extensive negotiations over several months. *Id.* at 4. The parties have agreed to the terms of the Consent Judgment, and the complaint's allegations, if proven, would establish the strength of the Plaintiff's case. The Consent Judgment outlines the process by which Defendants will pay employees, the method of payment, the schedule for doing so and how the Secretary of Labor will distribute such payments to each affected employee under the settlement. *Id.* at 8. Further, the record gives no indication that greater discovery is necessary to aid in the resolution of this case. The Court therefore approves the Consent Judgment as lawful, fair, reasonable, and adequate.

### III. Conclusion

For the reasons discussed above, the Joint Motion Requesting Approval of Consent Judgment [Dkt. 19] is <u>GRANTED</u> and the proposed Consent Judgment [Dkt. 20] is <u>APPROVED and ENTERED</u>. Under the terms of the Consent Judgment, the Court retains jurisdiction over its enforcement. *Id.* at 5. Judgment consistent with this ruling shall issue separately.

IT IS SO ORDERED.

Date: 1/20/2022

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Thomas Ransel Devoe
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
tdevoe@taftlaw.com

David James Tanury
U.S. DEPARTMENT OF LABOR (Chicago)
tanury.david.j@dol.gov

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mterrell@taftlaw.com